MICHAEL J. SACKSTEDER (CSB No. 191605)
msacksteder@fenwick.com
DAVID D. SCHUMANN (CSB No. 22936)
dschumann@fenwick.com
LAUREN E. WHITTEMORE (CSB No. 255432)
lwhittemore@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350

Attorneys for Plaintiff
SYMANTEC CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYMANTEC CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>RPOST HOLDINGS INC., RPOST COMMUNICATIONS LIMITED, RPOST INTERNATIONAL LIMITED and RMAIL LIMITED,<br><br>Defendants. | Case No.: 3:14-CV-00238<br><br>**FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Symantec Corporation ("Symantec") brings this First Amended Complaint against Defendants RPost Holdings, Inc. ("RPost Holdings"), RPost Communications Limited ("RPost Communications"), RPost International Limited ("RPost International"), and RMail Limited ("RMail") (collectively, "RPost" or "Defendants"). Symantec Corporation filed its Original Complaint on January 15, 2014. D.I. 1. All defendants have been served. D.I. 17, 23, 24 and 25. No defendant has filed a responsive pleading or a motion under Rule 12(b), (e) or (f). Accordingly, Symantec submits this First Amended Complaint under Fed. R. Civ. P. 15(a) and avers as follows:

## NATURE OF ACTION

1. This action is based on the patent laws of the United States, Title 35 of the United States Code. Defendants have asserted rights under U.S. Patent Nos. 8,504,628, 8,209,389, 8468,199, 8,224,913 and 7,966,372 (collectively the "patents-in-suit") based on certain ongoing activity by Symantec, and Symantec contends that it has the right to engage in this activity without license. Symantec thus seeks a declaration that it does not infringe the patents-in-suit, that the patents-in-suit are invalid, and/or that any alleged use of the patented inventions by Symantec have been released pursuant to the parties' October 25, 2011 Stipulation of Settlement of Claims Involving Defendants Symantec Corporation, Henri Isenberg and Charles Breed in *Kenneth Barton v. RPost International Limited, et al.*, Case No. YC061581, Superior Court of California, County of Los Angeles-Southwest District. This is also an action for patent infringement of U.S. Patent No.

## THE PARTIES

2. Symantec is a Delaware corporation with headquarters located at 350 Ellis Street, Mountain View, California.

3. On information and belief, Defendant RPost Holdings is a Delaware corporation with headquarters located at 6033 W. Century Blvd., Suite 1278, Los Angeles CA 90045-6422.

4. On information and belief, Defendant RPost Communications is a corporation organized under the laws of the Nation of Bermuda.

5. On information and belief, Defendant RPost International is a corporation organized under the laws of the Nation of Bermuda.

6. On information and belief, Defendant RMail is a corporation organized under the laws of the Nation of Bermuda.

## SUBJECT MATTER JURISDICTION

7. This is a civil action regarding allegations of patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction over the infringement claims set forth below based on applicable statutory provisions, including 28 U.S.C. §§ 1331 and 1338(a). Symantec seeks declaratory relief under

the Declaratory Judgment Act. Thus, the court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202. This action includes a claim for a declaratory judgment of patent noninfringement and invalidity arising under the patent laws of the United States, Title 35 of the United States Code.

8. An actual controversy exists between Symantec and RPost by virtue of RPost's assertion of rights under the patents-in-suit based on certain ongoing activity by Symantec. In particular, RPost has asserted that the patents-in-suit relate to email security and specifically identified "Symantec's Email Security.cloud (Messagelabs), Encryption Management Server, Gateway Encryption Server, Email Policy Based Encryption, Data Leak Prevention (DLP / Vontu) and Email Security Appliance" in asserting rights under the patents-in-suit.

9. Symantec contends that it has a right to engage in making, using, offering to sell, and selling its products, including its email security products, without license from RPost.

**PERSONAL JURISDICTION AND VENUE**

10. The Court has personal jurisdiction over RPost because RPost has conducted substantial business in (and has substantial contact with) this District. Among other things, RPost has sent letters to Symantec in this District accusing it of infringing the patents-in-suit and offering to "develop[] a meaningful integrated product offering" with Symantec. Symantec, who RPost accuses of infringing the patents-in-suit, resides in this District. On information and belief, RPost also has accused others in this District of infringement, and negotiated and entered into agreements with others who reside in this District. For example, on information and belief, on February 17, 2006, RPost International Limited and RPost US, Inc., corporate entities closely affiliated with RPost, filed a complaint in this District seeking declaratory judgment against Authentix – Authentication Technologies Ltd. and Propat International Corporation that U.S. Patent No. 6,182,219 was not infringed and/or was invalid. RPost has informed Symantec that it is now the owner of U.S. Patent No. 6,182,219 and has recommended that Symantec review that patent. On information and belief, RPost and/or its affiliated companies also market, offer for sale and sell products in this District. *See, e.g.*, www.rpost.com. For example, RPost lists

Sendmail as one of its Technology Partners. *See* www.rpost.com/partners/technology-partners. Sendmail is headquartered in Sunnyvale, California, which is located in this District. *See* www.sendmail.com/sm/contact/. On information and belief, RPost and/or its affiliated companies have transacted business in this District, have derived substantial revenue from goods and services provided to individuals in this District and have committed, contributed to and/or induced acts of patent infringement in this District

11. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 in that a substantial part of the acts giving rise to the claim occurred in this judicial district, and because RPost is subject to personal jurisdiction in this judicial district.

## INTRADISTRICT ASSIGNMENT

12. Pursuant to Civil L.R. 3-2(c), this action is to be assigned on a district-wide basis because it is an intellectual property action.

## FACTUAL BACKGROUND

## DECLARATORY JUDGMENT

13. On August 6, 2013, the United States Patent and Trademark Office ("PTO") issued the '628 patent entitled "System And Method For Verifying Delivery And Integrity Of Electronic Messages." The '628 patent states on its face that it was filed on June 4, 2010. The '628 patent states on its face that it was assigned to RPost Communications. A true and correct copy of the '628 patent is attached to this Complaint as Exhibit A.

14. On June 26, 2012, the PTO issued the '389 patent entitled "System And Method For Verifying Delivery And Integrity Of Electronic Messages." The '389 patent states on its face that it was filed on December 29, 2010. The '389 patent states on its face that it was assigned to RPost Communications. A true and correct copy of the '389 patent is attached to this Complaint as Exhibit B.

15. On June 18, 2013, the PTO issued the '199 patent entitled "System And Method For Verifying Delivery And Integrity Of Electronic Messages." The '199 patent states on its face that it was filed on June 25, 2012 and that it is related to a provisional application filed on December 17, 1999. The '199 patent states on its face that it was assigned to RPost International.

A true and correct copy of the ’199 patent is attached to this Complaint as Exhibit C.

16. On July 17, 2012, the PTO issued the ’913 patent entitled “System And Method For Verifying Delivery And Integrity Of Electronic Messages.” The ’913 patent states on its face that it was filed on November 22, 2010. The ’913 patent states on its face that it was assigned to RPost Communications. A true and correct copy of the ’913 patent is attached to this Complaint as Exhibit D.

17. On June 21, 2011, the PTO issued the ’372 patent entitled “System And Method For Verifying Delivery And Integrity Of Electronic Messages.” The ’372 patent states on its face that it was filed on July 27, 2000. The ’372 patent states on its face that it was assigned to RPOST International Limited (BM). A true and correct copy of the ’372 patent is attached to this Complaint as Exhibit E.

18. On September 13, 2013, Ray Owens of RPost sent a letter to Scott Taylor, Executive Vice President, General Counsel and Secretary of Symantec Corporation, with the Re: line “Second Patent Infringement Notice.” The September 13 letter alleges that RPost had sent an earlier letter which was not received by Symantec, and further stated that “we believe the Symantec’s Email Security.cloud (Messagelabs), Encryption Management Server, Gateway Encryption Server, Email Policy Based Encryption, Data Leak Prevention (DLP / Vontu) and Email Security Appliance, at least the content filtering, data leak prevention, quarantine, and email encryption functions, are using RPost patent US 8,504,628, without permission or license…” RPost further asserted that “Symantec has been well informed about RPost’s service offering and pending and granted patents since 2004, when Symantec was an investor in RPost and held a seat on RPost’s board of directors.”

19. On October 8, 2013, Angela Ziegenhorn, Senior Director, Symantec Corporation sent a letter to Ray Owens of RPost stating that Symantec “firmly disagree[s] that any of the accused Symantec products infringe the referenced RPost’s patents…” Ms. Ziegenhorn also stated that any claims against Symantec Corporation “have been released by virtue of the settlement of the *Barton v. RPost Int'l Ltd, et al* (and Symantec) lawsuit (Case No. YC061581).”

20. The settlement agreement in the *Barton v. RPost Int'l Ltd, et al.* lawsuit was entered into in order to resolve litigation claims between Symantec and RPost International Limited. As part of the agreement, RPost International Limited provided a release for Symantec as to any then-existing IP claims. Each of the patents-in-suit was either filed or claims priority to an application that was filed prior to the execution of the settlement agreement.

21. On October 14, 2013, Ray Owens of RPost sent an email to Ms. Ziegenhorn with a subject line: “RPost Patent Notice to Symantec - Final Letter.” In the email Mr. Owens stated “[w]e understand that you have given your response to our claim of patent infringement in your abovementioned letter.” RPost further stated “[w]e believe we have acted in a courteous manner, to properly inform you of your infringement of specific RPost patents by specific services you offer. We believe we have provided the detail needed for you, or through your counsel, to assess your infringement, with specificity…” RPost further requested that Symantec “immediately cease and desist from manufacture, use, or offer for sale RPost’s patented technology through your products and services that contain RPost’s patented technology.” Mr. Owens’ email included an attachment: “we have attached to this letter a more detailed analysis of Symantec’s infringement of several RPost patents with inserted evidence that aligns with specific patent claims.”

22. RPost’s October 14, 2013 email included a document marked “Confidential Communication Subject to FRE 408 for Content of Analysis in Addition to Associated Discussion.” The document includes infringement allegations for the patents-in-suit.

23. On January 15, 2014, Symantec Corporation filed petitions with the PTO requesting *inter partes review* of the ’628 patent, the ’199 patent and the ’372 patent.

24. Symantec does not infringe the patents-in-suit and the patents-in-suit are invalid. Additionally, RPost International Limited released all then-existing claims against Symantec regarding the patents-in-suit pursuant to the parties’ October 25, 2011 settlement agreement. Accordingly, an actual and justiciable controversy exists between Symantec and RPost as to whether Symantec infringes any valid claim of the patents-in-suit. Absent a declaration of

noninfringement, invalidity, or release of all claims regarding the patents-in-suit, RPost will continue to wrongly assert the patents-in-suit against Symantec, and thereby cause Symantec irreparable harm.

**PATENT INFRINGEMENT**

25. On August 27, 2002, the PTO issued U.S Patent No. 6,442,686 (the "'686 patent") entitled "System And Methodology For Messaging Server-Based Management And Enforcement Of Crypto Policies." Symantec Corporation is the owner by assignment of all rights, title, and interest in the '686 patent, including the right to recover damages for past, present, and future infringement of the patent and the right to seek injunctive relief against infringement of the patent. A true and correct copy of the '686 patent is attached to this Complaint as Exhibit F.

26. As it pertains to this lawsuit, the '686 patent relates to a cryptographic-enabled messaging system providing a "Policy Management Agent" that works with a standard mail server to ensure that e-mail adheres to specified policies.

27. Upon information and belief, RPost's RMail product includes policy-based encryption features to ensure that e-mail adheres to specified policies.

**FIRST CLAIM FOR RELIEF**
**(Declaratory Relief Regarding Noninfringement of U.S. Patent No. 8,504,628)**

28. Symantec restates and incorporates by reference each of the allegations set forth in paragraphs 1 through 27 above, as if fully set forth herein.

29. RPost contends that Symantec has or is infringing one or more claims of the '628 patent.

30. On information and belief, RPost claims to be the owner of all right, title and interest in the '628 patent, including the right to assert all causes of action arising under that patent and the right to any remedies for infringement of it.

31. Symantec does not infringe any claim of the '628 patent, directly or indirectly, contributorily or otherwise, through its or its customer's activities in conjunction with any of Symantec's products or services.

32. As set forth above, an actual and justiciable controversy exists between Symantec

and RPost as to Symantec's noninfringement of the '628 patent.

33. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Symantec requests that this Court enter a judgment that Symantec does not infringe, under any theory of infringement, any valid claim of the '628 patent.

**SECOND CLAIM FOR RELIEF**
**(Declaratory Relief Regarding Invalidity of U.S. Patent No. 8,504,628)**

34. Symantec restates and incorporates by reference each of the allegations set forth in paragraphs 1 through 33 above, as if fully set forth herein.

35. Upon information and belief, RPost contends that the '628 patent is valid.

36. The claims of the '628 patent are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

37. As set forth above, an actual and justiciable controversy exists between Symantec and RPost as to whether the claims of the '628 patent are invalid.

38. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Symantec requests that this Court enter a judgment that the claims of the '628 patent are invalid pursuant to Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

**THIRD CLAIM FOR RELIEF**
**(Declaratory Relief Regarding Release of Claims Regarding U.S. Patent No. 8,504,628)**

39. Symantec restates and incorporates by reference each of the allegations set forth in paragraphs 1 through 38 above, as if fully set forth herein.

40. RPost contends that Symantec has or is infringing one or more claims of the '628 patent.

41. The parties' October 25, 2011 Stipulation of Settlement of Claims Involving Defendants Symantec Corporation, Henri Isenberg and Charles Breed in *Kenneth Barton v. RPost International Limited, et al.*, Case No. YC061581, Superior Court of California, County of Los Angeles-Southwest District released Symantec from all then-existing IP claims by RPost.

42. The '628 patent was filed June 4, 2010, prior to the execution of the settlement

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

agreement.

43. As set forth above, an actual and justiciable controversy exists between Symantec and RPost as to whether RPost has released all claims against Symantec regarding the ’628 patent.

44. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Symantec requests that this Court enter a judgment that RPost has released all claims against Symantec regarding the ’628 patent.

**FOURTH CLAIM FOR RELIEF**
**(Declaratory Relief Regarding Noninfringement of U.S. Patent No. 8,209,389)**

45. Symantec restates and incorporates by reference each of the allegations set forth in paragraphs 1 through 44 above, as if fully set forth herein.

46. RPost contends that Symantec has or is infringing one or more claims of the ’389 patent.

47. On information and belief, RPost claims to be the owner of all right, title and interest in the ’389 patent, including the right to assert all causes of action arising under that patent and the right to any remedies for infringement of it.

48. Symantec does not infringe any claim of the ’389 patent, directly or indirectly, contributorily or otherwise, through its or its customer’s activities in conjunction with any of Symantec’s products or services.

49. As set forth above, an actual and justiciable controversy exists between Symantec and RPost as to Symantec’s noninfringement of the ’389 patent.

50. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Symantec requests that this Court enter a judgment that Symantec does not infringe, under any theory of infringement, any valid claim of the ’389 patent.

**FIFTH CLAIM FOR RELIEF**
**(Declaratory Relief Regarding Invalidity of U.S. Patent No. 8,209,389)**

51. Symantec restates and incorporates by reference each of the allegations set forth in paragraphs 1 through 50 above, as if fully set forth herein.

52. Upon information and belief, RPost contends that the ’389 patent is valid.

53. The claims of the ’389 patent are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

54. As set forth above, an actual and justiciable controversy exists between Symantec and RPost as to whether the claims of the ’389 patent are invalid.

55. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Symantec requests that this Court enter a judgment that the claims of the ’389 patent are invalid pursuant to Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

## SIXTH CLAIM FOR RELIEF
## (Declaratory Relief Regarding Release of Claims Regarding U.S. Patent No. 8,209,389)

56. Symantec restates and incorporates by reference each of the allegations set forth in paragraphs 1 through 55 above, as if fully set forth herein.

57. RPost contends that Symantec has or is infringing one or more claims of the ’389 patent.

58. The parties’ October 25, 2011 Stipulation of Settlement of Claims Involving Defendants Symantec Corporation, Henri Isenberg and Charles Breed in *Kenneth Barton v. RPost International Limited, et al.*, Case No. YC061581, Superior Court of California, County of Los Angeles-Southwest District released Symantec from all then-existing IP claims by RPost.

59. The ’389 patent was filed December 29, 2010, prior to the execution of the settlement agreement.

60. As set forth above, an actual and justiciable controversy exists between Symantec and RPost as to whether RPost has released all claims against Symantec regarding the ’389 patent.

61. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Symantec requests that this Court enter a judgment that RPost has released all claims against Symantec regarding the ’389 patent.

**SEVENTH CLAIM FOR RELIEF**
**(Declaratory Relief Regarding Noninfringement of U.S. Patent No. 8,468,199)**

62. Symantec restates and incorporates by reference each of the allegations set forth in paragraphs 1 through 61 above, as if fully set forth herein.

63. RPost contends that Symantec has or is infringing one or more claims of the ’199 patent.

64. On information and belief, RPost claims to be the owner of all right, title and interest in the ’199 patent, including the right to assert all causes of action arising under that patent and the right to any remedies for infringement of it.

65. Symantec does not infringe any claim of the ’199 patent, directly or indirectly, contributorily or otherwise, through its or its customer’s activities in conjunction with any of Symantec’s products or services.

66. As set forth above, an actual and justiciable controversy exists between Symantec and RPost as to Symantec’s noninfringement of the ’199 patent.

67. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Symantec requests that this Court enter a judgment that Symantec does not infringe, under any theory of infringement, any valid claim of the ’199 patent.

**EIGHTH CLAIM FOR RELIEF**
**(Declaratory Relief Regarding Invalidity of U.S. Patent No. 8,468,199)**

68. Symantec restates and incorporates by reference each of the allegations set forth in paragraphs 1 through 67 above, as if fully set forth herein.

69. Upon information and belief, RPost contends that the ’199 patent is valid.

70. The claims of the ’199 patent are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

71. As set forth above, an actual and justiciable controversy exists between Symantec and RPost as to whether the claims of the ’199 patent are invalid.

72. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Symantec requests that this Court enter a judgment that the claims of the ’199 patent are invalid

pursuant to Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

**NINTH CLAIM FOR RELIEF**
**(Declaratory Relief Regarding Release of Claims Regarding U.S. Patent No. 8,468,199)**

73. Symantec restates and incorporates by reference each of the allegations set forth in paragraphs 1 through 72 above, as if fully set forth herein.

74. RPost contends that Symantec has or is infringing one or more claims of the ’199 patent.

75. The parties’ October 25, 2011 Stipulation of Settlement of Claims Involving Defendants Symantec Corporation, Henri Isenberg and Charles Breed in *Kenneth Barton v. RPost International Limited*, *et al.*, Case No. YC061581, Superior Court of California, County of Los Angeles-Southwest District released Symantec from all then-existing IP claims by RPost.

76. The ’199 patent claims priority to a provisional application filed December 17, 1999, prior to the execution of the settlement agreement.

77. As set forth above, an actual and justiciable controversy exists between Symantec and RPost as to whether RPost has released all claims against Symantec regarding the ’199 patent.

78. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Symantec requests that this Court enter a judgment that RPost has released all claims against Symantec regarding the ’199 patent.

**TENTH CLAIM FOR RELIEF**
**(Declaratory Relief Regarding Noninfringement of U.S. Patent No. 8,224,913)**

79. Symantec restates and incorporates by reference each of the allegations set forth in paragraphs 1 through 78 above, as if fully set forth herein.

80. RPost contends that Symantec has or is infringing one or more claims of the ’913 patent.

81. On information and belief, RPost claims to be the owner of all right, title and interest in the ’913 patent, including the right to assert all causes of action arising under that patent and the right to any remedies for infringement of it.

82. Symantec does not infringe any claim of the ’913 patent, directly or indirectly, contributorily or otherwise, through its or its customer’s activities in conjunction with any of Symantec’s products or services.

83. As set forth above, an actual and justiciable controversy exists between Symantec and RPost as to Symantec’s noninfringement of the ’913 patent.

84. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Symantec requests that this Court enter a judgment that Symantec does not infringe, under any theory of infringement, any valid claim of the ’913 patent.

## ELEVENTH CLAIM FOR RELIEF
**(Declaratory Relief Regarding Invalidity of U.S. Patent No. 8,224,913)**

85. Symantec  restates and incorporates by reference each of the allegations set forth in paragraphs 1 through 84 above, as if fully set forth herein.

86. Upon information and belief, RPost contends that the ’913 patent is valid.

87. The claims of the ’913 patent are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

88. As set forth above, an actual and justiciable controversy exists between Symantec and RPost as to whether the claims of the ’913 patent are invalid.

89. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Symantec requests that this Court enter a judgment that the claims of the ’913 patent are invalid pursuant to Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

## TWELFTH CLAIM FOR RELIEF
**(Declaratory Relief Regarding Release of Claims Regarding U.S. Patent No. 8,224,913)**

90. Symantec  restates and incorporates by reference each of the allegations set forth in paragraphs 1 through 89 above, as if fully set forth herein.

91. RPost contends that Symantec has or is infringing one or more claims of the ’913 patent.

92. The parties’ October 25, 2011 Stipulation of Settlement of Claims Involving

Defendants Symantec Corporation, Henri Isenberg and Charles Breed in *Kenneth Barton v. RPost International Limited, et al.*, Case No. YC061581, Superior Court of California, County of Los Angeles-Southwest District released Symantec from all then-existing IP claims by RPost.

93. The ’913 patent was filed on November 22, 2010, prior to the execution of the settlement agreement.

94. As set forth above, an actual and justiciable controversy exists between Symantec and RPost as to whether RPost has released all claims against Symantec regarding the ’913 patent.

95. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Symantec requests that this Court enter a judgment that RPost has released all claims against Symantec regarding the ’913 patent.

**THIRTEENTH CLAIM FOR RELIEF**
**(Declaratory Relief Regarding Noninfringement of U.S. Patent No. 7,966,372)**

96. Symantec restates and incorporates by reference each of the allegations set forth in paragraphs 1 through 95 above, as if fully set forth herein.

97. RPost contends that Symantec has or is infringing one or more claims of the ’372 patent.

98. On information and belief, RPost claims to be the owner of all right, title and interest in the ’372 patent, including the right to assert all causes of action arising under that patent and the right to any remedies for infringement of it.

99. Symantec does not infringe any claim of the ’372 patent, directly or indirectly, contributorily or otherwise, through its or its customer’s activities in conjunction with any of Symantec’s products or services.

100. As set forth above, an actual and justiciable controversy exists between Symantec and RPost as to Symantec’s noninfringement of the ’372 patent.

101. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Symantec requests that this Court enter a judgment that Symantec does not infringe, under any theory of infringement, any valid claim of the ’372 patent.

**FOURTEENTH CLAIM FOR RELIEF**
**(Declaratory Relief Regarding Invalidity of U.S. Patent No. 7,966,372)**

102. Symantec restates and incorporates by reference each of the allegations set forth in paragraphs 1 through 101 above, as if fully set forth herein.

103. Upon information and belief, RPost contends that the ’372 patent is valid.

104. The claims of the ’372 patent are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

105. As set forth above, an actual and justiciable controversy exists between Symantec and RPost as to whether the claims of the ’372 patent are invalid.

106. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Symantec requests that this Court enter a judgment that the claims of the ’372 patent are invalid pursuant to Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

**FIFTEENTH CLAIM FOR RELIEF**
**(Declaratory Relief Regarding Release of Claims Regarding U.S. Patent No. 7,966,372)**

107. Symantec restates and incorporates by reference each of the allegations set forth in paragraphs 1 through 106 above, as if fully set forth herein.

108. RPost contends that Symantec has or is infringing one or more claims of the ’372 patent.

109. The parties’ October 25, 2011 Stipulation of Settlement of Claims Involving Defendants Symantec Corporation, Henri Isenberg and Charles Breed in *Kenneth Barton v. RPost International Limited, et al.*, Case No. YC061581, Superior Court of California, County of Los Angeles-Southwest District released Symantec from all then-existing IP claims by RPost.

110. The ’372 patent was filed on July 27, 2000, prior to the execution of the settlement agreement.

111. As set forth above, an actual and justiciable controversy exists between Symantec and RPost as to whether RPost has released all claims against Symantec regarding the ’372 patent.

112. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Symantec requests that this Court enter a judgment that RPost has released all claims against Symantec regarding the ’372 patent.

**SIXTEENTH CLAIM FOR RELIEF**
**(Infringement of U.S. Patent No. 6,442,686)**

113. Symantec restates and incorporates by reference each of the allegations set forth in paragraphs 1 through 112 above, as if fully set forth herein.

114. Symantec is the owner of the ’686 patent with the exclusive right to enforce the ’686 patent against infringers, and collect damages for all relevant times, including the right to prosecute this action.

115. RPost has actual or constructive notice of the ’686 patent and RPost’s infringement of the ’686 patent at least from the time of the filing of this First Amended Complaint.

116. RPost has been and is now infringing the ’686 patent, directly within this judicial district and elsewhere in the United States, by, among other things, making, using, licensing, selling, offering for sale, and/or inducing its customers to use its infringing email encryption features.

117. RPost’s continuing infringement of the ’686 patent will continue to damage Symantec, causing irreparable harm for which there is no adequate remedy at law, unless RPost is enjoined by this Court from further acts of infringement.

118. RPost’s past and future acts of infringement of the ’686 patent have caused and will cause damages to Symantec, entitling Symantec to recover damages from RPost in an amount subject to proof at trial, but in no event less than a reasonable royalty extending through the life of the ’686 patent.

**PRAYER FOR RELIEF**

WHEREFORE, Symantec respectfully prays for judgment in favor of Symantec and against RPost, as follows:

A. For a judicial determination and declaration that Symantec has not infringed and is

not infringing, directly or indirectly, any claim of the patents-in-suit;

B. For a judicial determination and declaration that each claim of the patents-in-suit is invalid;

C. For a judicial determination and declaration that RPost has released all claims against Symantec regarding patents-in-suit;

D. For injunctive relief against RPost, and all persons acting on its behalf or in concert with it, restraining them from further prosecuting or instituting any action against Symantec or Symantec's customers claiming that the patents-in-suit are valid or infringed, or for representing that Symantec's products or services, or that others' use thereof, infringe the patents-in-suit;

E. For entry of judgment that RPost has infringed and continues to infringe one or more claims of the '686 patent;

F. For RPost to account for and pay to Symantec all damages allowed by law for infringement of the '686 patent, including prejudgment and postjudgment interest;

G. For RPost, and its officers, agents, servants, employees, and those persons in active concert or participation with any of them, be preliminarily and permanently enjoined from any further infringement of the '686 patent pursuant to 35 U.S.C. § 283. In the alternative, if the Court finds that an injunction is not warranted, Symantec requests an award of postjudgment royalty to compensate for future infringement;

H. For a declaration that this case is exceptional under 35 U.S.C. § 285 and for an award of attorneys' fees and costs in this action; and

I. For such other and further relief as this Court may deem just and proper.

//

//

//

//

//

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**DEMAND FOR JURY TRIAL**

Symantec hereby demands a jury trial on all issue and claims so triable.

Dated: April 7, 2014

FENWICK & WEST LLP

By: */s/ Michael J. Sacksteder*

Michael J. Sacksteder
Attorneys for Plaintiff
SYMANTEC CORPORATION