Lewis E. Hudnell, III (CASBN 218736)
HUDNELL LAW GROUP P.C.
375 Park Avenue Suite 2607
New York, New York 10152
Telephone: 212.634.6866
Facsimile: 347.772.3034
lewis@hudnelllaw.com

Attorneys for Defendants and Counterclaim Plaintiffs
RPost Holdings, Inc.
RPost Communications Limited

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SYMANTEC CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>RPOST HOLDINGS, INC., et al.<br><br>Defendants. | Case No. 3:14-cv-238-VC<br><br>**ANSWER TO FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant RPost Holdings, Inc. and RPost Communications (collectively "RPost") answer the allegations in the numbered paragraphs in Plaintiff Symantec Corporation First Amended Complaint for Declaratory Judgment and Patent Infringement. Unless expressly admitted, all of the averments made by Symantec in its Complaint should be deemed denied by RPost.

## NATURE OF ACTION

1. RPost admits that this action is purportedly based on the patent laws of the United States. RPost admits that this action concerns U.S. Patent Nos. 8,504,628 ("the '628 patent"), 8,468,199 ("the '199 patent"), 8,224,913 ("the '913 patent"), 8,209,389 ("the '389 patent"), and 7,966,372 ("the '372 patent"). RPost admits that Symantec seeks a declaration that it does not infringe the patents-in-suit, that the patents-in-suit are invalid, and that any alleged use of October 25, 2011 the patented inventions by Symantec have been released pursuant to the parties' Stipulation of Settlement of Claims Involving Defendants Symantec Corporation, Henri Isenberg, and Charles Breed in Kenneth Barton v. RPost International, Limited et al., Case No. YC061581, Superior Court of California, County of Los Angeles-Southwest District. RPost also admits that this is an action for patent infringement. RPost denies any and all remaining allegations and/or legal conclusions contained in Paragraph 1 of the Complaint.

## PARTIES

2. RPost admits that Symantec purports to be a Delaware corporation with headquarters located at 350 Ellis Street, Mountain View, California. RPost lack sufficient information to admit or deny the remaining allegations and/or legal conclusions contained in Paragraph 2 of the Complaint and therefore denies them.

3. RPost admits that RPost Holdings admits it is a Delaware corporation. RPost denies any and all remaining allegations and/or legal conclusions contained in Paragraph 3 of the Complaint.
4. RPost admits the facts stated in Paragraph 4 of the Complaint.
5. RPost admits the facts stated in Paragraph 5 of the Complaint.
6. RPost admits the facts stated in Paragraph 6 of the Complaint.

**JURISDICTION AND VENUE**

7. Paragraph 7 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost admits that this action purports to be a civil action regarding allegations of patent infringement arising under the patents laws of the United States. Symantec purports to seek declaratory judgment under the Declaratory Judgment Act. Symantec purports to base jurisdiction of this action under 28 U.S.C. §§ 1331, 1338, 2201, and 2202. RPost denies any and all remaining allegations and/or legal conclusions contained in Paragraph 7 of the Complaint
8. Paragraph 8 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost admits that it has rights to the RPost patents-in-suit and that the patents-in-suit relate to email security. RPost denies any and all remaining allegations and/or legal conclusions contained in Paragraph 8 of the Complaint.
9. RPost denies the allegations and/or legal conclusions contained in Paragraph 9 of the Complaint.

**PERSONAL JURISDICTION AND VENUE**

10. RPost admits that it may be subject to personal jurisdiction in this District.

11. RPost denies the allegations and/or legal conclusions contained in Paragraph 11 of the Complaint.

**INTRADISTRICT ASSIGNMENT**

12. RPost admits the facts state.d in Paragraph 12 of the Complaint.

**FACTUAL BACKGROUND**

13. RPost admits the facts stated in Paragraph 13 of the Complaint.
14. RPost admits the facts stated in Paragraph 14 of the Complaint.
15. RPost admits the facts stated in Paragraph 15 of the Complaint.
16. RPost admits the facts stated in Paragraph 16 of the Complaint.
17. RPost admits the facts stated in Paragraph 17 of the Complaint.
18. Paragraph 18 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost admits that on or about September 13, 2011 it sent a letter to Scott Taylor of Symantec. RPost lacks sufficient information to admit or deny the remaining allegations and therefore denies any and all remaining allegations and/or legal conclusions contained in Paragraph 18 of the Complaint.
19. Paragraph 19 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost admits that on or about October 8, 2013 that RPost received a letter from Angela Ziegenhorn of Symantec. RPost lacks sufficient information to admit or deny the remaining allegations and therefore denies any and all remaining allegations and/or legal conclusions contained in Paragraph 19 of the Complaint.

20. Paragraph 20 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost denies any and all allegations and/or legal conclusions contained in Paragraph 20 of the Complaint.

21. Paragraph 21 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost admits that it sent an email to Angela Ziegenhorn on or about October 14, 2013. RPost lacks sufficient information to admit or deny the remaining allegations and therefore denies any and all remaining allegations and/or legal conclusions contained in Paragraph 21 of the Complaint.

22. Paragraph 22 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost admits that on or about October14, 2013 it sent a document marked "Confidential Communication Subject to FRE 408 for Content of Analysis in Addition to Associated Discussion" to Symantec. RPost denies any and all remaining allegations and/or legal conclusions contained in Paragraph 22 of the Complaint.

23. RPost admits the facts contained in Paragraph 23 of the Complaint.

24. Paragraph 24 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost denies any and all allegations and/or legal conclusions contained in Paragraph 24 of the Complaint.

**PATENT INFRINGEMENT**

25. RPost admits that a copy of U.S. Patent No. 6,442,686 ("the '686 patent") is attached as Exhibit F to the First Amended Complaint. RPost admits that the face of the '686 patent indicates that it issued August 27, 2002 and that the '686 patent is entitled "System and Methodology for Messaging Server-Based Management and Enforcement of Crypto

Policies." RPost lacks sufficient information to admit or deny the remaining allegations and therefore denies any and all remaining allegations and/or legal conclusions contained in Paragraph 25of the Complaint.

26. Paragraph 26 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost denies any and all allegations and/or legal conclusions contained in Paragraph 26 of the Complaint.

27. Paragraph 27 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost denies any and all allegations and/or legal conclusions contained in Paragraph 27 of the Complaint.

## FIRST CLAIM RELIEF

### Declaratory Relief Regarding Non-infringement of U.S. Patent No. 8,504,628

28. RPost repeats, realleges, and incorporates its answers to paragraphs 1 through 27 of the Complaint as if fully set forth in this Count.

29. RPost admits that in this Answer it asserts compulsory counterclaims for infringement of the '628 patent.

30. RPost admits the facts contained in Paragraph 30 of the Complaint.

31. Paragraph 31 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost denies the allegations and/or legal conclusions contained in Paragraph 31 of the Complaint.

32. .Paragraph 32 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost denies any and all allegations and/or legal conclusions contained in Paragraph 32 of the Complaint.

33. Paragraph 33 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost denies any and all allegations and/or legal conclusions contained in Paragraph 33 of the Complaint.

**SECOND CLAIM FOR RELIEF**

**Declaratory Relief Regarding Invalidity of U.S. Patent No. 8,504,628**

34. RPost repeats, realleges, and incorporates its answers to paragraphs 1 through 33 of the Complaint as if fully set forth in this Count.

35. RPost admits the facts stated in Paragraph 35 of the Complaint.

36. Paragraph 36 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost denies any and all allegations and/or legal conclusions contained in Paragraph 36 of the Complaint.

37. Paragraph 37 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost denies any and all allegations and/or legal conclusions contained in Paragraph 37 of the Complaint.

38. Paragraph 38 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost denies any and all allegations and/or legal conclusions contained in Paragraph 38 of the Complaint.

**THIRD CLAIM FOR RELIEF**

**Declaratory Relief Regarding Release of Claims Regarding U.S. Patent No. 8,504,628**

39. RPost repeats, realleges, and incorporates its answers to paragraphs 1 through 38 of the Complaint as if fully set forth in this Count.

40. RPost admits that in this Answer it asserts compulsory counterclaims for infringement of the ’628 patent.

41. Paragraph 41 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost denies any and all allegations and/or legal conclusions contained in Paragraph 41 of the Complaint.

42. Paragraph 42 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost denies any and all allegations and/or legal conclusions contained in Paragraph 42 of the Complaint.

43. Paragraph 43 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost denies any and all allegations and/or legal conclusions contained in Paragraph 43 of the Complaint.

44. Paragraph 44 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost denies any and all allegations and/or legal conclusions contained in Paragraph 44 of the Complaint.

## FORUTH CLAIM FOR RELIEF

**Declaratory Relief Regarding Non-infringement of U.S. Patent No. 8,209,389**

45. RPost repeats, realleges, and incorporates its answers to paragraphs 1 through 44 of the Complaint as if fully set forth in this Count.

46. RPost admits that in this Answer it asserts compulsory counterclaims for infringement of the ’389 patent.

47. RPost admits the facts stated in Paragraph 47 of the Complaint.

48. Paragraph 48 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost denies any and all allegations and/or legal conclusions contained in Paragraph 48 of the Complaint.

49. Paragraph 49 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost denies any and all allegations and/or legal conclusions contained in Paragraph 49 of the Complaint.

50. Paragraph 50 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost denies any and all allegations and/or legal conclusions contained in Paragraph 50 of the Complaint.

## FIFTH CLAIM FOR RELIEF

### Declaratory Relief Regarding Invalidity of U.S. Patent No. 8,209,389

51. RPost repeats, realleges, and incorporates its answers to paragraphs 1 through 50 of the Complaint as if fully set forth in this Count.

52. RPost admits the facts stated in Paragraph 52 of the Complaint.

53. Paragraph 53 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost denies any and all allegations and/or legal conclusions contained in Paragraph 53 of the Complaint.

54. Paragraph 54 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost denies any and all allegations and/or legal conclusions contained in Paragraph 54 of the Complaint.

55. Paragraph 55 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost denies any and all allegations and/or legal conclusions contained in Paragraph 55 of the Complaint.

## SIXTH CLALIM FOR RELIEF

**Declaratory Relief Regarding Release of Claims Regarding U.S. Patent No. 8,209,389**

56. RPost repeats, realleges, and incorporates its answers to paragraphs 1 through 55 of the Complaint as if fully set forth in this Count.

57. RPost admits that in this Answer it asserts compulsory counterclaims for infringement of the ’389 patent.

58. Paragraph 58 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost denies any and all allegations and/or legal conclusions contained in Paragraph 58 of the Complaint.

59. Paragraph 59 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost denies any and all allegations and/or legal conclusions contained in Paragraph 59 of the Complaint.

60. Paragraph 60 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost denies any and all allegations and/or legal conclusions contained in Paragraph 60 of the Complaint.

61. Paragraph 61 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost denies any and all allegations and/or legal conclusions contained in Paragraph 61 of the Complaint.

## SEVENTH CLAIM FOR RELIEF

**Declaratory Relief Regarding Non-infringement of U.S. Patent No. 8,468,199**

62. RPost repeats, realleges, and incorporates its answers to paragraphs 1 through 61 of the Complaint as if fully set forth in this Count.

63. RPost admits that in this Answer it asserts compulsory counterclaims for infringement of the ’199 patent.

64. RPost admits the facts stated in Paragraph 64 of the Complaint.

65. Paragraph 65 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost denies any and all allegations and/or legal conclusions contained in Paragraph 65 of the Complaint.

66. Paragraph 66 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost denies any and all allegations and/or legal conclusions contained in Paragraph 66 of the Complaint.

67. Paragraph 67 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost denies any and all allegations and/or legal conclusions contained in Paragraph 67 of the Complaint.

## EIGHT CLAIM FOR RELIEF

### Declaratory Relief Regarding Invalidity of U.S. Patent No. 8,468,199

68. RPost repeats, realleges, and incorporates its answers to paragraphs 1 through 67 of the Complaint as if fully set forth in this Count.

69. RPost admits the facts stated in Paragraph 69 of the Complaint.

70. Paragraph 70 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost denies any and all allegations and/or legal conclusions contained in Paragraph 70 of the Complaint.

71. Paragraph 71 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost denies any and all allegations and/or legal conclusions contained in Paragraph 71 of the Complaint.

72. Paragraph 72 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost denies any and all allegations and/or legal conclusions contained in Paragraph 72 of the Complaint.

## NINTH CLAIM FOR RELIEF

**Declaratory Relief Regarding Release of Claims Regarding U.S. Patent No. 8,468,199**

73. RPost repeats, realleges, and incorporates its answers to paragraphs 1 through 72 of the Complaint as if fully set forth in this Count.

74. RPost admits that in this Answer it asserts compulsory counterclaims for infringement of the ’199 patent.

75. Paragraph 75 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost denies any and all allegations and/or legal conclusions contained in Paragraph 75 of the Complaint.

76. Paragraph 76 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost denies any and all allegations and/or legal conclusions contained in Paragraph 76 of the Complaint.

77. Paragraph 77 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost denies any and all allegations and/or legal conclusions contained in Paragraph 77 of the Complaint.

78. Paragraph 78 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost denies any and all allegations and/or legal conclusions contained in Paragraph 78 of the Complaint.

## TENTH CLAIM FOR RELIEF

**Declaratory Relief Regarding Non-infringement of U.S. Patent No. 8,224,913**

79. RPost repeats, realleges, and incorporates its answers to paragraphs 1 through 78 of the Complaint as if fully set forth in this Count.

80. RPost admits that in this Answer it asserts compulsory counterclaims for infringement of the ’913 patent.

81. RPost admits the facts stated in Paragraph 81 of the Complaint.

82. Paragraph 82 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost denies any and all allegations and/or legal conclusions contained in Paragraph 82 of the Complaint.

83. Paragraph 83 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost denies any and all allegations and/or legal conclusions contained in Paragraph 83 of the Complaint.

84. Paragraph 84 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost denies any and all allegations and/or legal conclusions contained in Paragraph 84 of the Complaint.

## ELEVENTH CLAIM FOR RELIEF

**Declaratory Relief Regarding Invalidity of U.S. Patent No. 8,224,913**

85. RPost repeats, realleges, and incorporates its answers to paragraphs 1 through 84 of the Complaint as if fully set forth in this Count.

86. RPost admits the facts stated in Paragraph 86 of the Complaint.

87. Paragraph 87 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost denies any and all allegations and/or legal conclusions contained in Paragraph 87 of the Complaint.

88. Paragraph 88 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost denies any and all allegations and/or legal conclusions contained in Paragraph 88 of the Complaint.

89. Paragraph 89 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost denies any and all allegations and/or legal conclusions contained in Paragraph 89 of the Complaint.

## TWELFTH CLAIM FOR RELIEF

**Declaratory Relief Regarding Release of Claims Regarding U.S. Patent No. 8,224,913**

90. RPost repeats, realleges, and incorporates its answers to paragraphs 1 through 89 of the Complaint as if fully set forth in this Count.

91. RPost admits that in this Answer it asserts compulsory counterclaims for infringement of the ’913 patent.

92. Paragraph 92 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost denies any and all allegations and/or legal conclusions contained in Paragraph 92 of the Complaint.

93. Paragraph 93 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost denies any and all allegations and/or legal conclusions contained in Paragraph 93 of the Complaint.

94. Paragraph 94 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost denies any and all allegations and/or legal conclusions contained in Paragraph 94 of the Complaint.

95. Paragraph 95 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost denies any and all allegations and/or legal conclusions contained in Paragraph 95 of the Complaint.

## THIRTEENTH CLAIM FOR RELIEF

### Declaratory Relief Regarding Non-infringement of U.S. Patent No. 7,966,372

96. RPost repeats, realleges, and incorporates its answers to paragraphs 1 through 95 of the Complaint as if fully set forth in this Count.

97. RPost admits that in this Answer it asserts compulsory counterclaims for infringement of the ’372 patent.

98. RPost admits the facts stated in Paragraph 98 of the Complaint.

99. Paragraph 99 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost denies any and all allegations and/or legal conclusions contained in Paragraph 99 of the Complaint.

100. Paragraph 100 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost denies any and all allegations and/or legal conclusions contained in Paragraph 100 of the Complaint.

101. Paragraph 101 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost denies any and all allegations and/or legal conclusions contained in Paragraph 101 of the Complaint.

## FOURTEENTH CLAIM FOR RELIEF

**Declaratory Relief Regarding Invalidity of U.S. Patent No. 7,966,372**

102. RPost repeats, realleges, and incorporates its answers to paragraphs 1 through 101 of the Complaint as if fully set forth in this Count.

103. RPost admits the facts stated in Paragraph 102 of the Complaint.

104. Paragraph 104 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost denies any and all allegations and/or legal conclusions contained in Paragraph 104 of the Complaint.

105. Paragraph 105 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost denies any and all allegations and/or legal conclusions contained in Paragraph 105 of the Complaint.

106. Paragraph 106 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost denies any and all allegations and/or legal conclusions contained in Paragraph 106 of the Complaint.

## FIFTEENTH CLAIM FOR RELIEF

**Declaratory Relief Regarding Release of Claims Regarding U.S. Patent No. 7,966,372**

107. RPost repeats, realleges, and incorporates its answers to paragraphs 1 through 106 of the Complaint as if fully set forth in this Count.

108. RPost admits that in this Answer it asserts compulsory counterclaims for infringement of the ’372 patent.

109. Paragraph 109 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost denies any and all allegations and/or legal conclusions contained in Paragraph 109 of the Complaint.

110. Paragraph 110 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost denies any and all allegations and/or legal conclusions contained in Paragraph 110 of the Complaint.

111. Paragraph 111 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost denies any and all allegations and/or legal conclusions contained in Paragraph 111 of the Complaint.

112. Paragraph 112 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost denies any and all allegations and/or legal conclusions contained in Paragraph 112 of the Complaint.

## SIXTEENTH CLAIM FOR RELIEF

### Infringement of U.S. Patent No. 6,442,686

113. RPost repeats, realleges, and incorporates its answers to paragraphs 1 through 113 of the Complaint as if fully set forth in this Count.

114. RPost lacks sufficient information to admit or deny the allegations contained in Paragraph 114 of the Complaint and therefore denies them.

115. Paragraph 115 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost denies any and all allegations and/or legal conclusions contained in Paragraph 115 of the Complaint.

116. Paragraph 116 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost denies any and all allegations and/or legal conclusions contained in Paragraph 116 of the Complaint.

117. Paragraph 117 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost denies any and all allegations and/or legal conclusions contained in Paragraph 117 of the Complaint.

118. Paragraph 118 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost denies any and all allegations and/or legal conclusions contained in Paragraph 118 of the Complaint.

## ANSWER TO PRAYER

RPost denies that Symantec is entitled to the relief sought in Paragraphs A) – I) of its Prayer for Relief.

## DEMAND FOR JURY TRIAL

Under Rule 38 of the Federal Rules of Civil Procedure, RPost requests a trial by jury of any issues raised by Symantec's Complaint that are so triable.

## PRAYER FOR RELIEF

RPost prays for the following relief on their Answer to Symantec's Complaint:

1. That Symantec take nothing by its Complaint, and that it be dismissed with prejudice;

2. A declaration that this is an exceptional case and awarding RPost its attorneys' fees incurred in connection with this action under 35 U.S.C. § 285;

3. RPost's costs of suit; and

4. Such other and further relief as this Court deems just and proper.

## COUNTERCLAIMS

For their Counterclaims against Plaintiff and Counterclaim Defendant Symantec Corporation, Counterclaimants RPost Holdings and RPost Communications allege, based on their own knowledge with respect to their own actions and based on information and belief with respect to all other actions, as follows:

## NATURE OF THE ACTION

1. This action for willful patent infringement arises under the Patent Laws of the United States, namely, 35 U.S.C. §§ 1 et seq.

## PARTIES

2. Defendant and Counterclaim Plaintiff RPost Communications Limited ("RPC") is a corporation organized under the laws of the Nation of Bermuda. It is the owner of United States Patent No. 8,504,628 ("the '628 patent") entitled "System and Method for Verifying Delivery and Integrity of Electronic Messages." RPC is also the owner of United States Patent No. 8,468,199 ("the '199 patent") entitled "System and Method for Verifying Delivery and Integrity of Electronic Messages." RPC is also the owner of United States Patent No. 8,224,913 ("the '913 patent") entitled "System and Method for Verifying Delivery and Integrity of Electronic Messages." RPC is also the owner of United States Patent No. 8,209,389 ("the '389 patent") entitled "System and Method for Verifying Delivery and Integrity of Electronic Messages." RPC is also the owner of United States Patent No. 7,966,372 ("the '372 patent") entitled "System and Method for Verifying Delivery and Integrity of Electronic Messages." The '628, '199, '913, '389, and '372 patents were duly and legally issued by the United States Patent and Trademark Office on August 6, 2013; June 18, 2013; July 17, 2012; June 26, 2012; and June 21, 2011 respectively, after full and fair examination. The '628, '199, '913, '389, and '372 patents are valid and enforceable.

3. Defendant and Counterclaim Plaintiff RPost Holdings, Inc. ("RPH") is a corporation organized under the laws of the State of Delaware having a place of business at 555 Republic Drive #200 Plano, Texas 75074. It is an exclusive licensee from RPC of the '628, '199, '913, '389, and '372 patents.

4. On information and belief, Counterclaim Defendant Symantec Micro Incorporated is a Delaware Corporation having a place of business at 350 Ellis Street Mountain View, California 94043. Symantec provides technologies that allow users to track, report, analyze, and authenticate data regarding electronic messages, including but not limited Symantec.Cloud, Symantec Email Security.cloud (Messagelabs), MessageLabs, MessageLabs Enterprise Content Control Cloud, Email Services, Email Encryption, Encryption Management Server, Gateway Encryption Server, Email Policy Based Encryption, Data Leak Prevention (DLP / Vontu) and Email Security Appliance, Symantec's Email Archive.cloud, email track and trace, Symantec Endpoint Protection, Symantec Network Access Control, Symantec™ Encryption Management Server, Symantec Protection Suite for Small Business, Policy Based Encryption Z, PGP, Symantec's Email Archive.cloud, and Enterprisevault.cloud.

5. Symantec has committed acts of infringement and other unlawful acts in this judicial district and does regular business in this judicial district, including providing the technologies accused of infringement in this judicial district.

6. On information and belief, Symantec is a resident of California who engages in business in this state and maintains a regular place of business in this state or a designated agent for service of process in this state. On information and belief, Symantec resides in this jurisdiction within the meaning of 28 U.S.C. § 1400(b). This proceeding arises, in part, out of business done in this state. Upon information and belief, Symantec has appointed CSC – Lawyers Incorporating

Service, 2710 Gateway Oaks Dr. Ste 150N, Sacramento, California 95833 as its agent for service of process.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

8. Venue is proper in this district under 28 U.S.C. §§ 1391(b)(2), (c), (d) and/or 1400(b). On information and belief, Counterclaim Defendant conducts business in this district, the claims alleged in this Complaint arise in this district, and the acts of infringement have taken place and are continuing to take place in this district.

9. On information and belief, Counterclaim Defendant is subject to this Court's general and specific personal jurisdiction because Counterclaim Defendant has minimum contacts within the State of California and the Northern District of California, including via the website www.symantec.com, under due process and/or the California Long Arm Statute, Counterclaim Defendant has purposefully availed themselves of the privileges of conducting business in the State of California and in the Northern District of California; Counterclaim Defendant regularly conducts and solicits business within the State of California and within the Northern District of California; and Counterclaim Plaintiffs' causes of action arise directly from Counterclaim Defendant's business contacts and other activities in the State of California and in the Northern District of California.

10. Upon information and belief, Defendant had knowledge or was aware of the '628, '199, '913, '389, and '372 patents before the filing of its Original Complaint because products marked with the patent numbers of one or more of these patents are made, offered for sale, and sold in the United States, including but not limited to by RPost. RPost marks products with the patent number of one or more of the '628, '199, '913, '389, and '372 patents, among other places, in the

products' web-based user interface, which provides link to a list including these patents. RPost has also issued press releases regarding the issuance of the patents found at www.rpost.com. Thus, Counterclaim Defendant and the public are deemed to have notice of the '628, '199, '913, '389, and '372 patents.

11. Upon information and belief, Defendant had knowledge or was aware of the '628, '199, '913, '389, and '372 patents before the filing of Symantec's Original Complaint because RPost provided Symantec actual notice of these patents at least as of September 13, 2013.

12. Upon information and belief, based on the above-identified knowledge, as of at least the filing of the Original Complaint, Counterclaim Defendant knew that it infringed one or more of the '628, '199, '913, '389, and '372 patents or was aware of these patents and but acted with objectively reckless disregard for those patents by continuing to make, use, sell, and/or offer for sale products that infringe these patents.

13. More specifically, Defendant directly and/or through intermediaries makes, offers for sale, sells, and/or advertises (including the provision of an interactive website) products and services in the United States, the State of California, and the Northern District of California. On information and belief, Counterclaim Defendant has committed acts of infringement in the State of California and in the Northern District of California. Counterclaim Defendant solicits customers in the State of California and in the Northern District of California. On information and belief, Counterclaim Defendant has paying customers who are residents of the State of California and the Northern District of California and who use Counterclaim Defendant's products and services in the State of California and in the Northern District of California.

**COUNT I**
**INFRINGEMENT OF U.S. PATENT NO. 8,504,628**

14. Counterclaim Plaintiffs re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth in this Count.

15. On information and belief, Counterclaim Defendant has been and now is infringing the ’628 patent in the State of California, in this judicial district, and elsewhere in the United States by making, using, importing, selling and/or offering for sell products and services that verify the delivery and integrity of electronic messages, including but not limited to Symantec.Cloud, Symantec Email Security.cloud (Messagelabs), MessageLabs, MessageLabs Enterprise Content Control Cloud, Email Services, Email Encryption, Encryption Management Server, Gateway Encryption Server, Email Policy Based Encryption, Data Leak Prevention (DLP / Vontu) and Email Security Appliance, Symantec’s Email Archive.cloud, email track and trace, Symantec Endpoint Protection, Symantec Network Access Control, Symantec™ Encryption Management Server, Symantec Protection Suite for Small Business, Policy Based Encryption Z, PGP, Symantec’s Email Archive.cloud, and Enterprisevault.cloud. Counterclaim Defendant is thus liable for infringement of the ’628 patent under 35 U.S.C. § 271. Counterclaim Defendant’s accused products and services are not staple articles of commerce capable of substantial non-infringing uses. On information and belief, Counterclaim Defendant is aware of the ’628 patent and, either individually or collectively, actively encourages consumers to use the accused products and services in a manner that infringes the ’628 patent.

16. On information and belief, Counterclaim Defendant’s infringement of the ’628 patent has been and/or is willful.

17. As a result of Counterclaim Defendant’s infringement of the ’628 patent, Counterclaim Plaintiffs have suffered monetary damages in an amount not yet determined, and will

continue to suffer damages in the future unless Counterclaim Defendant's infringing activities are enjoined by this Court.

18. Unless a permanent injunction is issued enjoining Counterclaim Defendant and its agents, servants, employees, representatives, affiliates, and all others acting on in active concert with Counterclaim Defendant from infringing the '628 patent, Counterclaim Plaintiffs will be greatly and irreparably harmed.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 8,468,199

19. Counterclaim Plaintiffs re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth in this Count.

20. On information and belief, Counterclaim Defendant has been and now is infringing the '199 patent in the State of California, in this judicial district, and elsewhere in the United States by making, using, importing, selling and/or offering for sell products and services that verify the delivery and integrity of electronic messages, including but not limited to Symantec.Cloud, Symantec Email Security.cloud (Messagelabs), MessageLabs, MessageLabs Enterprise Content Control Cloud, Email Services, Email Encryption, Encryption Management Server, Gateway Encryption Server, Email Policy Based Encryption, Data Leak Prevention (DLP / Vontu) and Email Security Appliance, Symantec's Email Archive.cloud, email track and trace, Symantec Endpoint Protection, Symantec Network Access Control, Symantec™ Encryption Management Server, Symantec Protection Suite for Small Business, Policy Based Encryption Z, PGP, Symantec's Email Archive.cloud, and Enterprisevault.cloud. Counterclaim Defendant is thus liable for infringement of the '199 patent under 35 U.S.C. § 271. Counterclaim Defendant's accused products and services are not staple articles of commerce capable of substantial non-infringing uses. On information and belief, Counterclaim Defendant is aware of the '199 patent and, either individually or collectively, actively

encourages consumers to use the accused products and services in a manner that infringes the ’199 patent.

21. On information and belief, Counterclaim Defendant’s infringement of the ’199 patent has been and/or is willful.

22. As a result of Counterclaim Defendant’s infringement of the ’199 patent, Counterclaim Plaintiffs have suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Counterclaim Defendant’s infringing activities are enjoined by this Court.

23. Unless a permanent injunction is issued enjoining Counterclaim Defendant and its agents, servants, employees, representatives, affiliates, and all others acting on in active concert with Counterclaim Defendant from infringing the ’199 patent, Counterclaim Plaintiffs will be greatly and irreparably harmed.

**COUNT III**
**INFRINGEMENT OF U.S. PATENT NO. 8,224,913**

24. Counterclaim Plaintiffs re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth in this Count.

25. On information and belief, Counterclaim Defendant has been and now is infringing the ’913 patent in the State of California, in this judicial district, and elsewhere in the United States by making, using, importing, selling and/or offering for sell products and services that verify the delivery and integrity of electronic messages, including but not limited to Symantec.Cloud, Symantec Email Security.cloud (Messagelabs), MessageLabs, MessageLabs Enterprise Content Control Cloud, Email Services, Email Encryption, Encryption Management Server, Gateway Encryption Server, Email Policy Based Encryption, Data Leak Prevention (DLP / Vontu) and Email Security Appliance, Symantec’s Email Archive.cloud, email track and trace, Symantec Endpoint Protection, Symantec

Network Access Control, Symantec™ Encryption Management Server, Symantec Protection Suite for Small Business, Policy Based Encryption Z, PGP, Symantec's Email Archive.cloud, and Enterprisevault.cloud. Counterclaim Defendant is thus liable for infringement of the '913 patent under 35 U.S.C. § 271. Counterclaim Defendant's accused products and services are not staple articles of commerce capable of substantial non-infringing uses. On information and belief, Counterclaim Defendant is aware of the '913 patent and, either individually or collectively, actively encourages consumers to use the accused products and services in a manner that infringes the '913 patent.

26. On information and belief, Counterclaim Defendant's infringement of the '913 patent has been and/or is willful.

27. As a result of Counterclaim Defendant's infringement of the '913 patent, Counterclaim Plaintiffs have suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Counterclaim Defendant's infringing activities are enjoined by this Court.

28. Unless a permanent injunction is issued enjoining Counterclaim Defendant and its agents, servants, employees, representatives, affiliates, and all others acting on in active concert with Counterclaim Defendant from infringing the '913 patent, Counterclaim Plaintiffs will be greatly and irreparably harmed.

## COUNT IV
## INFRINGEMENT OF U.S. PATENT NO. 8,209,389

29. Counterclaim Plaintiffs re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth in this Count.

30. On information and belief, Counterclaim Defendant has been and now is infringing the '389 patent in the State of California, in this judicial district, and elsewhere in the United States by

making, using, importing, selling and/or offering for sell products and services that verify the delivery and integrity of electronic messages, including but not limited Symantec.Cloud, Symantec Email Security.cloud (Messagelabs), MessageLabs, MessageLabs Enterprise Content Control Cloud, Email Services, Email Encryption, Encryption Management Server, Gateway Encryption Server, Email Policy Based Encryption, Data Leak Prevention (DLP / Vontu) and Email Security Appliance, Symantec's Email Archive.cloud, email track and trace, Symantec Endpoint Protection, Symantec Network Access Control, Symantec™ Encryption Management Server, Symantec Protection Suite for Small Business, Policy Based Encryption Z, PGP, Symantec's Email Archive.cloud, and Enterprisevault.cloud. Counterclaim Defendant is thus liable for infringement of the '389 patent under 35 U.S.C. § 271. Counterclaim Defendant's accused products and services are not staple articles of commerce capable of substantial non-infringing uses. On information and belief, Counterclaim Defendant is aware of the '389 patent and, either individually or collectively, actively encourages consumers to use the accused products and services in a manner that infringes the '389 patent.

31. On information and belief, Counterclaim Defendant's infringement of the '389 patent has been and/or is willful.

32. As a result of Counterclaim Defendant's infringement of the '389 patent, Counterclaim Plaintiffs have suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Counterclaim Defendant's infringing activities are enjoined by this Court.

33. Unless a permanent injunction is issued enjoining Counterclaim Defendant and its agents, servants, employees, representatives, affiliates, and all others acting on in active concert with

Counterclaim Defendant from infringing the ’389 patent, Counterclaim Plaintiffs will be greatly and irreparably harmed.

**COUNT V**
**INFRINGEMENT OF U.S. PATENT NO. 7,966,372**

34. Counterclaim Plaintiffs re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth in this Count.

35. On information and belief, Counterclaim Defendant has been and now is infringing the ’372 patent in the State of California, in this judicial district, and elsewhere in the United States by making, using, importing, selling and/or offering for sell products and services that verify the delivery and integrity of electronic messages, including but not limited Symantec.Cloud, Symantec Email Security.cloud (Messagelabs), MessageLabs, MessageLabs Enterprise Content Control Cloud, Email Services, Email Encryption, Encryption Management Server, Gateway Encryption Server, Email Policy Based Encryption, Data Leak Prevention (DLP / Vontu) and Email Security Appliance, Symantec’s Email Archive.cloud, email track and trace, Symantec Endpoint Protection, Symantec Network Access Control, Symantec™ Encryption Management Server, Symantec Protection Suite for Small Business, Policy Based Encryption Z, PGP, Symantec’s Email Archive.cloud, and Enterprisevault.cloud. Counterclaim Defendant is thus liable for infringement of the ’372 patent under 35 U.S.C. § 271. Counterclaim Defendant’s accused products and services are not staple articles of commerce capable of substantial non-infringing uses. On information and belief, Counterclaim Defendant is aware of the ’372 patent and, either individually or collectively, actively encourages consumers to use the accused products and services in a manner that infringes the ’372 patent.

36. On information and belief, Counterclaim Defendant’s infringement of the ’372 patent has been and/or is willful.

37. As a result of Counterclaim Defendant's infringement of the '372 patent, Counterclaim Plaintiffs have suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Counterclaim Defendant's infringing activities are enjoined by this Court.

38. Unless a permanent injunction is issued enjoining Counterclaim Defendant and its agents, servants, employees, representatives, affiliates, and all others acting on in active concert with Counterclaim Defendant from infringing the '372 patent, Counterclaim Plaintiffs will be greatly and irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaim Plaintiffs respectfully request that this Court enter:

1. A judgment in favor of Counterclaim Plaintiffs that Counterclaim Defendant has infringed the '628, '199, '913, '389, and '372 patents, and that such infringement has been and is willful;

2. A permanent injunction enjoining Counterclaim Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert with Counterclaim Defendant from infringing the '628, '199, '913, '389, and '372 patents;

3. A judgment and order requiring Counterclaim Defendant to pay Counterclaim Plaintiffs its damages, costs, expenses, and prejudgment and post-judgment interest for Counterclaim Defendant's infringement of the '628, '199, '913, '389, and '372 patents as provided under 35 U.S.C. § 284;

4. An award to Counterclaim Plaintiffs for enhanced damages resulting from the knowing, deliberate, and willful nature of Counterclaim Defendant prohibited conduct with notice being made before the filing of this Complaint, as provided under 35 U.S.C. § 284;

5. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Counterclaim Plaintiffs its reasonable attorneys' fees; and

6. Any and all other relief that the Court or the jury may deem proper and just.

## DEMAND FOR JURY TRIAL

Counterclaim Plaintiffs RPost Holdings, Inc. and RPost Communications Limited under Rule 38 of the Federal Rules of Civil Procedure, demand a trial by jury of any issues so triable by right.

Dated: June 23, 2014

Respectfully submitted,

*/s/ Lewis E. Hudnell, III*

Lewis E. Hudnell, III (CASBN 218736)
HUDNELL LAW GROUP P.C.
375 Park Avenue Suite 2607
New York, New York 10152
Telephone: 212.634.6866
Facsimile: 347.772.3034
lewis@hudnelllaw.com

Attorneys for Defendants and
Counterclaim Plaintiffs
RPost Holdings, Inc.
RPost Communications Limited