MICHAEL J. SACKSTEDER (CSB No. 191605)
msacksteder@fenwick.com
DAVID D. SCHUMANN (CSB No. 223936)
dschumann@fenwick.com
LAUREN E. WHITTEMORE (CSB No. 255432)
lwhittemore@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350

Attorneys for Plaintiff
SYMANTEC CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SYMANTEC CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>RPOST HOLDINGS INC., et al.,<br><br>Defendants. | Case No.: 3:14-cv-00238 VC<br><br>**PLAINTIFF SYMANTEC CORPORATION'S ANSWER TO DEFENDANTS AND COUNTERCLAIM PLAINTIFFS RPOST HOLDINGS, INC.'S AND RPOST COMMUNICATIONS LIMITED'S COUNTERCLAIMS** |

Plaintiff Symantec Corporation ("Symantec") hereby replies to the Counterclaims of Defendants and Counterclaim Plaintiffs RPost Holdings, Inc. and RPost Communications Limited (collectively "RPost") as follows:

## NATURE OF THE ACTION

1. Symantec admits that the Counterclaims purport to state a claim for willful patent infringement arising under the Patent Laws of the United States, namely, 35 U.S.C. §§ 1 et seq. Symantec denies any liability thereunder and Symantec denies that RPost has pled a claim for willful infringement, or any other claim, that complies with the appropriate pleading requirements. Symantec denies any remaining allegations of Paragraph 1 of RPost's Counterclaims.

## PARTIES

2. Symantec admits that United States Patent No. 8,504,628 ("the '628 patent") is titled "System and Method for Verifying Delivery and Integrity of Electronic Messages," and purportedly issued on August 6, 2013. Symantec admits that United States Patent No. 8,468,199 ("the '199 patent") is titled "System and Method for Verifying Delivery and Integrity of Electronic Messages," and purportedly issued on June 18, 2013. Symantec admits that United States Patent No. 8,224,913 ("the '913 patent") is titled "System and Method for Verifying Delivery and Integrity of Electronic Messages," and purportedly issued on July 17, 2012. Symantec admits that United States Patent No. 8,209,389 ("the '389 patent") is titled "System and Method for Verifying Delivery and Integrity of Electronic Messages," and purportedly issued on June 26, 2012. Symantec admits that United States Patent No. 7,966,372 ("the '372 patent") is titled "System and Method for Verifying Delivery and Integrity of Electronic Messages," and purportedly issued on June 21, 2011. Symantec lacks sufficient information to admit or deny the allegations of the first sentence of Paragraph 2 of RPost's Counterclaims, and, on that basis,

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

denies them. Symantec denies the remaining allegations of Paragraph 2.

3. Symantec lacks sufficient information to admit or deny the allegations contained in Paragraph 3 of the Counterclaims and therefore denies them.

4. Symantec admits that Symantec Corporation is a Delaware corporation having a principal place of business at 350 Ellis Street Mountain View, California 94043. Symantec admits that it has provided technologies, including but not limited to Symantec.Cloud, Symantec Email Security.cloud (Messagelabs), MessageLabs, MessageLabs Enterprise Content Control Cloud, Email Services, Email Encryption, Encryption Management Server, Gateway Encryption Server, Email Policy Based Encryption, Data Loss Prevention (DLP / Vontu) and Email Security Appliance, Symantec's Email Archive.cloud, email track and trace, Symantec Endpoint Protection, Symantec Network Access Control, Symantec™ Encryption Management Server, Symantec Protection Suite for Small Business, Policy Based Encryption Z, PGP, Symantec's Email Archive.cloud, and Enterprisevault.cloud. Symantec denies the remaining allegations of Paragraph 4.

5. Symantec denies the allegations of Paragraph 5.

6. Symantec admits that it is a resident of California who has engaged in business in this state and maintains a regular place of business in this state. Symantec admits that it has appointed CSC – Lawyers Incorporating Service, 2710 Gateway Oaks Dr. Ste 150N, Sacramento, California 95833 as its agent for service of process. Symantec denies the remaining allegations of Paragraph 6.

**JURISDICTION AND VENUE**

7. Symantec admits that the Counterclaims purport that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 (a). Symantec denies that it is in any way liable or indebted to RPost under these or any other claims.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8. Symantec admits that it has conducted business in this District, and that the counterclaims alleged arise in this district, but Symantec denies the remaining allegations of Paragraph 8.

9. Symantec admits that this Court has personal jurisdiction over it, but Symantec denies that it has committed any acts that constitute infringement or that otherwise give rise to this action. Symantec denies the remaining allegations of Paragraph 9.

10. Symantec lacks sufficient information to admit or deny the allegations contained in Paragraph 10 of the Counterclaims and therefore denies them.

11. Symantec admits the allegations contained in Paragraph 11. Symantec admits that RPost sent Symantec a letter dated September 13, 2013 that identified the RPost patents asserted in this lawsuit. Symantec denies the remaining allegations of Paragraph 11 of RPost's Counterclaims

12. Symantec denies the allegations of Paragraph 12.

13. Symantec admits that it offers for sale, sells, or advertises products and services in the United States, the State of California, and the Northern District of California. Symantec denies the remaining allegations of Paragraph 13 of RPost's Counterclaims, and specifically denies that it has committed any acts of infringement or that otherwise give rise to this action in the State of California or in the Northern District of California.

**COUNT I**
**INFRINGEMENT OF U.S. PATENT NO. 8,504,628**

14. Symantec repeats and incorporates by reference the preceding paragraphs of its Answer as though fully set forth herein.

15. Symantec denies the allegations contained in Paragraph 15.

16. Symantec denies the allegations contained in Paragraph 16.

17. Symantec denies the allegations contained in Paragraph 17.

18. Symantec denies the allegations contained in Paragraph 18.

**COUNT II**
**INFRINGEMENT OF U.S. PATENT NO. 8,468,199**

19. Symantec repeats and incorporates by reference the preceding paragraphs of its Answer as though fully set forth herein.

20. Symantec denies the allegations contained in Paragraph 20.

21. Symantec denies the allegations contained in Paragraph 21.

22. Symantec denies the allegations contained in Paragraph 22.

23. Symantec denies the allegations contained in Paragraph 23.

**COUNT III**
**INFRINGEMENT OF U.S. PATENT NO. 8,224,913**

24. Symantec repeats and incorporates by reference the preceding paragraphs of its Answer as though fully set forth herein.

25. Symantec denies the allegations contained in Paragraph 25.

26. Symantec denies the allegations contained in Paragraph 26.

27. Symantec denies the allegations contained in Paragraph 27.

28. Symantec denies the allegations contained in Paragraph 28.

**COUNT IV**
**INFRINGEMENT OF U.S. PATENT NO. 8,209,389**

29. Symantec repeats and incorporates by reference the preceding paragraphs of its Answer as though fully set forth herein.

30. Symantec denies the allegations contained in Paragraph 30.

31. Symantec denies the allegations contained in Paragraph 31.

32. Symantec denies the allegations contained in Paragraph 32.

33. Symantec denies the allegations contained in Paragraph 33.

**COUNT V**
**INFRINGEMENT OF U.S. PATENT NO. 7,966,372**

34. Symantec repeats and incorporates by reference the preceding paragraphs of its Answer as though fully set forth herein.

35. Symantec denies the allegations contained in Paragraph 35.

36. Symantec denies the allegations contained in Paragraph 36.

37. Symantec denies the allegations contained in Paragraph 37.

38. Symantec denies the allegations contained in Paragraph 38.

**RPOST'S PRAYER FOR RELIEF**

Symantec denies that RPost should be granted any of the requested relief.

**ANSWER TO JURY DEMAND**

The jury demand requires no response.

**AFFIRMATIVE DEFENSES**

As separate and affirmative defenses to RPost's Counterclaims and to each cause of action, claim, and allegation contained therein, Symantec states as follows:

**FIRST AFFIRMATIVE DEFENSE**

**Failure to State a Claim**

As a defense to each of RPost's Counterclaims, Symantec alleges that RPost's Counterclaim fails to state facts sufficient to constitute a cause of action against Symantec.

**SECOND AFFIRMATIVE DEFENSE**

**Invalidity**

The claims of the '628, '199, '913, '389 and '372 patents are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including, without limitation, Sections 101, 102, 103 and/or 112.

**THIRD AFFIRMATIVE DEFENSE**

**Noninfringement**

Symantec does not and has not infringed any valid claim of the ’628, ’199, ’913, ’389 and ’372 patents either directly, contributorily, by way of inducement, literally, and/or under the doctrine of equivalents.

**FOURTH AFFIRMATIVE DEFENSE**

**Waiver, Laches, Estoppel**

RPost’s claims for relief, in whole or in part, are barred by the doctrines of waiver and/or laches. RPost’s claims for relief are also barred by the doctrine of estoppel based on the parties’ October 25, 2011 Stipulation of Settlement of Claims Involving Defendants Symantec Corporation, Henri Isenberg and Charles Breed in *Kenneth Barton v. RPost International Limited, et al.*, Case No. YC061581, Superior Court of California, County of Los Angeles-Southwest District releasing Symantec from all then-existing IP claims by RPost.

**FIFTH AFFIRMATIVE DEFENSE**

**Unavailability of injunctive relief**

RPost cannot satisfy the requirements applicable to its request for injunctive relief and has an adequate remedy at law.

**SIXTH AFFIRMATIVE DEFENSE**

**Limitation on Damages**

RPost’s alleged damages are limited because it has not satisfied the requirements for obtaining damages under 35 U.S.C. § 286 and 35 U.S.C. § 287.

**SEVENTH AFFIRMATIVE DEFENSE**

**Prosecution History Estoppel and Prosecution Disclaimer**

RPost is estopped from construing the claims of the ’628, ’199, ’913, ’389 and ’372 patents in such a way as to cover any of Symantec’s products or actions, due to statements made to the United States Patent and Trademark Office during prosecution of the applications that led to the issuance of the ’628, ’199, ’913, ’389 and ’372 patents, during the *inter partes* review of any of those patents, or at any other time, including statements made during the prosecution,

reexamination, Covered Business Method (CBM) review, and/or *inter partes* review of patents and/or applications relating to the ’628, ’199, ’913, ’389 and ’372 patents.

**EIGHTH AFFIRMATIVE DEFENSE**

**Lack of Standing**

RPost lacks standing to bring this action.

**RESERVATION OF RIGHT TO ASSERT ADDITIONAL AFFIRMATIVE DEFENSES**

RPost has failed to set forth the allegations of its Counterclaims with sufficient particularity to provide Symantec with a sufficient basis to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Symantec therefore reserves the right to assert additional affirmative defenses in the event that discovery or investigation reveals that they would be appropriate.

**SYMANTEC’S PRAYER FOR RELIEF**

WHEREFORE, in addition to the relief requested in its First Amended Complaint for Declaratory Judgment and Patent Infringement against RPost, Symantec respectfully requests that the Court:

1. Order that RPost take nothing by its Counterclaims;

2. Find that Symantec be found not to infringe the ’628, ’199, ’913, ’389 and ’372 patents;

3. Find that the ’628, ’199, ’913, ’389 and ’372 patents be found invalid;

4. Find that this is an exceptional case based on Plaintiffs’ conduct and that Symantec is entitled to recover attorneys’ fees and costs under 35 U.S.C. § 285; and

5. Award Symantec any other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff and Counterclaim Defendant Symantec hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Dated: July 17, 2014

FENWICK & WEST LLP

By: */s/ Michael J. Sacksteder*
Michael J. Sacksteder

Attorneys for Plaintiff
SYMANTEC CORPORATION

LIT/1366942.2